IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSEPH LATHUS,

    Plaintiff,

v.   No. 1:24-cv-01037-DHU-SCY

BRETT RIGG,
RIGG LAW FIRM,
FERRIN CROSBY,
APACHE COUNTY et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

*Pro se* Plaintiff is a resident of New Mexico and owns land in Apache County, Arizona. *See* Complaint at 2, Doc. 1, filed October 10, 2024. Defendants are: (i) Brett Rigg, an attorney with Rigg Law Firm and an Apache County Prosecutor; (ii) Rigg Law Firm; (iii) Ferrin Crosby, Apache County Engineer; and (iv) Apache County and its officials. *See* Complaint at 2-3. Plaintiff alleges:

> On or about Decemb[e]r 01, 2023, Apache County issued a citation to Plaintiff for allegedly obstructing a public thoroughfare on N3543.
>
> N3543 is a non-maintained public easement, and not a public thoroughfare, as per A.R.S. § 28-1171, Apache County's own records, and public information available on its website.
>
> Ferrin Crosby, the County Engineer, falsely claimed in a sworn affidavit that N3543 was a public thoroughfare, a statement proven false by A.R.S. § 28-1171, which limits public road classifications to those maintained by the government.
>
> Brett Rigg, knowing the falsity of this affidavit, pursued legal action against Plaintiff, constituting fraudulent misrepresentation and malicious prosecution under federal and state laws, including 42 U.S.C. § 1983 and Arizona case law.

Complaint at 3-4. Plaintiff asserts due process, equal protection and retaliation claims pursuant to Section 1983 and state law claims for fraudulent misrepresentation, negligence and malicious prosecution. *See* Complaint at 4-6. Plaintiff seeks compensatory damages, punitive damages and injunctive relief. *See* Complaint at 7. Plaintiff states venue is proper in the District of New Mexico because "Plaintiff resides in New Mexico, and the harm caused by Defendants' unlawful actions continues to affect Plaintiff in New Mexico." Complaint at 2.

The statute governing venue in general states:

**Venue in general.**--A civil action may be brought in—

**(1)** a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

**(2)** a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

**(3)** if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. §1391(b).

United States Magistrate Judge Steven C. Yarbrough notified Plaintiff that:

It appears that the District of Arizona is the proper venue for this action. Defendants reside in, and it appears that a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in, the District of Arizona. There are no allegations indicating that any of the events or omissions giving rise to Plaintiff's claims occurred in the District of New Mexico.

Order at 3-4, Doc. 5, filed October 16, 2024.

"The district court of a district in which is filed a case laying venue in the wrong division or district *shall* dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a) (emphasis added).

> Factors considered in deciding whether a transfer is in the interests of justice include whether the claims would be barred by a statute of limitations if filed anew in the proper forum, *e.g. Haugh v. Booker,* 210 F.3d 1147, 1150 (10th Cir.2000) (citing *Coleman v. United States,* 106 F.3d 339, 341 (10th Cir.1997)), whether the claims alleged are likely to have merit, *e.g. Haugh,* 210 F.3d at 1150 (citing *Phillips,* 173 F.3d at 610), and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction, *Trierweiler,* 90 F.3d at 1544 ("[I]t is not in the interest of justice to transfer where a plaintiff either realized or should have realized that the forum in which he or she filed was improper.").

*Young v. State Government of Oklahoma*, 98 Fed.Appx. 760, 763-764 (10th Cir. 2004).

Judge Yarbrough notified Plaintiff that it appears the Complaint fails to state claims pursuant to 42 U.S.C. § 1983 against:

(i) Defendant Rigg, the Apache County Prosecutor, because "[p]rosecutors are entitled to absolute immunity for their decisions to prosecute, their investigatory or evidence-gathering actions, their evaluation of evidence, their determination of whether probable cause exists, and their determination of what information to show the court;"

(ii) Defendant Crosby, who is the Apache County Engineer, and other unidentified Apache County officials, because: (a) there are insufficient factual allegations supporting Plaintiff's conclusory allegations that Defendant Crosby violated Plaintiff's due process, equal protection and retaliation claims; (b) Plaintiff has not identified a protected property or liberty interest to which due process applies and has not explained how the process Defendants afforded Plaintiff was not appropriate; (c) Plaintiff has not alleged that Defendants intentionally treated him differently from others similarly situated and that there is no rational basis for the difference in treatment; and (d) there are no factual allegations that Defendants'

3

actions were substantially motivated as a response to Plaintiff's assertion of his property rights and his challenge to the County's alleged misuse of easements;

(iii) Defendants Rigg Law Firm and the unidentified Apache County officials because there are no allegations explaining what those Defendants did to Plaintiff, when they did it and what specific legal rights Plaintiff believes Defendants Rigg Law Firm and the unidentified Apache County officials violated;

(iv) Defendant Apache County because there are no factual allegations showing that an Apache County policy or custom was the moving force behind the alleged constitutional deprivations.

Order at 4-7. Judge Yarbrough ordered Plaintiff to show cause why the Court should not dismiss this case or transfer this case to the District of Arizona and to file an amended complaint.

Plaintiff filed a response to Judge Yarbrough's Order to show cause why the Court should not dismiss this case or transfer this case to the District of Arizona. *See* Response, Doc. 6, filed November 4, 2024. Much of Plaintiff's Response addresses the Court's subject-matter jurisdiction over this case. Subject-matter jurisdiction is not the issue; the issue is the proper venue for this case. Plaintiff does not set forth any argument, other than his convenience discussed below, or cite any legal authority showing that the District of New Mexico is the proper venue for this action.

Plaintiff states: "Since [Plaintiff] is a New Mexico resident, the principle of 'forum non conveniens' suggests that it is more appropriate and fair for the case to be heard in a New Mexico court." Response at 6. Federal law allows for a change of venue based on convenience:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division *where it might have been brought* or to any district or division *to which all parties have consented*.

4

28 U.S.C. § 1404(a) (emphasis added).  Plaintiff has not shown that this action might have been brought in the District of New Mexico.  Defendants, who have not yet appeared in this action, have not consented to changing the venue to the District of New Mexico.

The Court concludes the District of Arizona is the proper venue for this action because Defendants reside in, and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in, the District of Arizona.  The Court also concludes that the District of New Mexico is not the proper venue for this action because there are no allegations indicating that any of the events or omissions giving rise to Plaintiff's claims occurred in the District of New Mexico.

The Court finds it is not in the interest of justice to transfer this action to the District of Arizona.  The Response does not address the Complaint's failure to state claims pursuant to 42 U.S.C. § 1983.  Plaintiff did not file an amended complaint.  Plaintiff is proceeding *in forma pauperis*.  The statute governing proceedings *in forma pauperis* states "the court shall dismiss the case at any time if the court determines that … the action … fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2).  The United States District Court for the District of Arizona would be required to dismiss Plaintiff's claims 42 U.S.C. § 1983 for failure to state a claim and would likely decline to exercise jurisdiction over Plaintiff's state-law claims.  *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction"); *Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1238 (10th Cir. 2020) ("The Supreme Court has encouraged the practice of dismissing state claims or remanding them to state court when the federal claims to which they are supplemental have dropped out before trial").

Because it is not in the interest of justice to transfer this case to the District of Arizona, the Court must dismiss this case. *See* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district *shall* dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.") (emphasis added).

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

_____
**UNITED STATES DISTRICT JUDGE**